UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAWN DALE NANEZ,<br><br>      Plaintiff,<br> v.<br><br>PENELOPE SAPP, *et al.*,<br><br>      Defendants. | CASE NO. 3:24-cv-05293-RSL-GJL<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

Plaintiff Shawn Dale Nanez, who is proceeding *pro se* in this 42 U.S.C. § 1983 action, has filed a Motion to Appoint Counsel ("Motion"). Dkt. 11. After reviewing the relevant record, the Court finds that there are no exceptional circumstances requiring the appointment of counsel at this time and the Motion is **DENIED without prejudice**.

Plaintiff seeks the appointment of counsel on the grounds that he is indigent, lacks knowledge about courts and legal proceedings, does not have consistent access to a pen, and has sought legal representation without success. *See id*. Defendants oppose the Motion. Dkt. 13.

No constitutional right to appointed counsel exists in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S.*

*Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint voluntary counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, Plaintiff has not demonstrated that extraordinary circumstances exist requiring the appointment of counsel. To support his Motion, Plaintiff explains he cannot access a pen in his cell due to a safety plan enacted by jail staff. Dkt. 11. However, Plaintiff wrote the Motion and an additional letter in pen, which indicates Plaintiff has some access to adequate writing materials if only for limited periods.[1] Dkts. 11, 14.

Additionally, the Court has reviewed Plaintiff's Complaint and the factual and legal issues involved do not appear to be exceptionally complex such that they warrant the appointment of counsel at this time. Further, the Complaint has been served, but Defendants have not yet filed an Answer. So, at this early stage of the litigation, the Court cannot determine whether Plaintiff is likely to prevail on the merits.

---

[1] If, at any point in this case, Plaintiff's limited access to writing implements prevents him from meeting a court-imposed deadline, he may seek an extension of time to file on that basis. Nevertheless, that Plaintiff may require additional time to prepare his *pro se* filings is no ground for appointing voluntary counsel.

ORDER DENYING MOTION TO APPOINT COUNSEL - 2

Finally, the balance of reasons cited by Plaintiff in the Motion are issues common to other *pro se* litigants and are not exceptional. Therefore, they do not warrant the appointment of counsel. *See Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020) (denying appointment of counsel because plaintiff's "circumstances were not exceptionally different from the majority of the challenges faced by *pro se* litigants) (citations omitted). While the Court recognizes the challenges faced by *pro se* litigants in preparing a case without legal counsel, the law dictates that Plaintiff's stated conditions, alone, do not compel this Court to appoint counsel.

Therefore, the Court finds Plaintiff has not shown the exceptional circumstances required to warrant the appointment of counsel at this time. Accordingly, Plaintiff's Motion (Dkt. 11) is **DENIED without prejudice**. The Plaintiff may renew the motion at a later date upon a showing of exceptional circumstances.

Dated this 25th day of June, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 3