UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAWN DALE NANEZ,<br><br>      Plaintiff,<br> v.<br><br>PENELOPE SAPP, *et al.*,<br><br>      Defendants. | CASE NO. 3:24-cv-05293-RSL-GJL<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL |

  The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Currently pending before the Court is Plaintiff Shawn Dale Nanez's Motion for Appointment of Counsel. Dkt. 31. For the reasons that follow, Plaintiff's Motion is **DENIED without prejudice.**

  There is no constitutional right to court-appointed counsel in § 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory."). And district courts lack authority to *require* counsel to represent indigent prisoners in such cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Nonetheless, a district court may *request* that an attorney voluntarily represent an indigent

plaintiff but only in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

This Court's Plan and procedures for requesting *pro bono* representation in prisoner civil rights actions is outlined in General Order 07-23. Under the Court's Plan, *pro se* plaintiffs must submit the following when seeking appointment of voluntary counsel in civil rights actions:

> **[Section 3] (b) Motion and Declaration of *Pro Se* Litigant**. Any motion for the appointment of counsel by a party appearing *pro se* in a civil rights action **shall include a declaration** [1] stating the party's efforts to obtain counsel by means other than appointment, including having connected with at least two other attorneys without securing representation, and [2] identifying any prior pro bono appointments of counsel to represent the party in cases brought in this Court, including both pending and previously terminated actions. The declaration should further [3] state whether the *pro se* litigant has already pursued another action, such as a wage claim or agency claim, before proceeding with their federal action. A completed copy of a declaration [4] stating the movant cannot afford to hire an attorney shall be attached to the motion.

*Id.* at 5 (emphasis added). As the current record lacks the required declaration, the Court is unable to appoint voluntary counsel even if it were to determine such an appointment was warranted at this time.

Accordingly, Plaintiff's Motion is **DENIED without prejudice** for failure to file a declaration in accordance with the Court's Plan for Representation of *Pro Se* Litigants in Civil Rights Actions, General Order 07-23. The Clerk of Court is directed to send Plaintiff a copy of General Order 07-23 (effective Jan. 1, 2024) along with a copy of this Order.

Dated this 18th day of December, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING MOTION TO APPOINT COUNSEL - 2