UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHAWN DALE NANEZ,

                Plaintiff,

     v.

PENELOPE SAPP, *et al.*,

                Defendants.

CASE NO. 3:24-cv-05293-RSL-GJL

ORDER REFFERRING CASE TO *PRO BONO* PANEL AND STAYING CASE DEADLINES

       The District Court has referred this 42 U.S.C. § 1983 action to United States Magistrate Judge Grady J. Leupold. Currently pending before the Court is Plaintiff Shawn Dale Nanez's Amended Motion for Appointment of Counsel. Dkt. 36. Plaintiff argues his mental health and lack of legal experience prevent him from litigating his claims effectively. *Id.* Defendants Penelope Sapp, Genie Elton, K. Hall, S. Billingsley, R. Fitzwater, G. Krause, T. Gibson (collectively "Defendants") oppose Plaintiff's request for counsel, arguing court-appointed counsel is not necessary in this case. Dkt. 39.

       Upon review of the relevant record, the Court finds exceptional circumstances exist warranting the appointment of voluntary counsel. Plaintiff's Motion is therefore **GRANTED** contingent on the Court being able to locate an attorney willing to represent him *pro bono* in this

ORDER REFFERRING CASE TO PRO BONO PANEL
AND STAYING CASE DEADLINES - 1

case. All case deadlines are hereby **STAYED,** and this matter is **REFERRED to the *Pro Bono* Panel** to identify an attorney who is available and willing to accept a voluntary appointment in this action. **If voluntary *pro bono* counsel cannot be located within a reasonable time, Plaintiff will be required to proceed without appointed counsel.**

I.     DISCUSSION

There is no constitutional right to court-appointed counsel in § 1983 actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("Appointment of counsel under this section is discretionary, not mandatory."). And district courts lack authority to *require* counsel to represent indigent prisoners in such cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). Nonetheless, a district court may *request* that an attorney voluntarily represent an indigent plaintiff but only in "exceptional circumstances." *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To decide whether exceptional circumstances exist, the Court must evaluate (1) "the likelihood of success on the merits" and (2) "the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). On the second factor, a plaintiff must plead sufficient facts to show he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Neither factor is dispositive, "rather they must be considered cumulatively." *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014).

1    Upon a judicial determination that exceptional circumstances warranting the appointment
2  of counsel exist, this Court's plan and procedures for requesting *pro bono* representation in
3  prisoner civil rights actions is outlined in General Order 07-23 (effective Jan. 1, 2024). Under the
4  Court's plan, *pro se* plaintiffs must submit the following when seeking appointment of voluntary
5  counsel in civil rights actions:

6    **[Section 3] (b) Motion and Declaration of *Pro Se* Litigant**. Any motion for the appointment of counsel by a party appearing *pro se* in a civil rights action shall
7    include a declaration stating the party's efforts to obtain counsel by means other than appointment, including having connected with at least two other attorneys
8    without securing representation, and identifying any prior *pro bono* appointments of counsel to represent the party in cases brought in this Court, including both
9    pending and previously terminated actions. The declaration should further state whether the *pro se* litigant has already pursued another action, such as a wage claim
10    or agency claim, before proceeding with their federal action. A completed copy of a declaration stating the movant cannot afford to hire an attorney shall be attached
11    to the motion.

12 *Id.* at 5.

13    The Court concludes that this action involves exceptional circumstances warranting the
14 appointment of counsel. At this early stage, this Court acknowledges it cannot make a definitive
15 determination as to whether Plaintiff is likely to succeed on the merits of his claims. However,
16 the Court nonetheless observes that Plaintiff alleges he suffered significant bodily injury and
17 required emergency surgery after certain Defendants ignored numerous requests for assistance.
18 Dkt. 7 at 10–12, 15–20. Further, Plaintiff's allegations suggest the existence of witnesses,
19 medical records, and other evidence lending credence to his claims. *Id.*
20    The Court further acknowledges that Plaintiff was able to adequately articulate his claims
21 in light of the lenient pleading standard applied to *pro se* litigants. However, given nature of his
22 claims, the severity of the injuries alleged, the potential for cultivating probative evidence, and
23 Plaintiff's representations that he lacks the legal knowledge and mental acuity to continue in this
24

ORDER REFFERRING CASE TO PRO BONO PANEL
AND STAYING CASE DEADLINES - 3

action without assistance, the Court deems appointment of voluntary counsel appropriate at this juncture.

Having concluded that exceptional circumstances exist, the Court now examines Plaintiff's financial eligibility for court-appointed counsel and his efforts to obtain *pro bono* counsel through other means. *See* General Order 07-23 (effective Jan. 1, 2024). Plaintiff was granted *in forma pauperis* status based on his inability to afford the filing fee when he initiated this action. Dkt. 6. In addition, a Financial Affidavit and updated copy of Plaintiff's Prison Trust Account Statement demonstrate his continued indigence. Dkts. 37, 38.

Next, in a sworn Declaration attached to his Motion, Plaintiff states that he sought *pro bono* representation from Attorney Darryl Parker at the Civil Rights Justice Center, from the Disability Rights of Washington, and from four other civil attorneys. Dkt. 36 at 5–6. Despite these efforts, none of the attorneys or organizations Plaintiff contacted offered *pro bono* representation. *Id.* Plaintiff also states that he has not received *pro bono* representation in a prior legal action. *Id.* at 6.

Based on the above, the Court finds that Plaintiff is unable to afford counsel on his own and is thus financially eligible for *pro bono* representation. The Court further finds that Plaintiff has attempted, without success, to obtain *pro bono* representation through means other than court appointment. Therefore, the Court concludes that Plaintiff has substantially complied with the requirements for obtaining appointment of voluntary counsel set forth in Section 3(b) of General Order 07-23.

## II.   CONCLUSION

Accordingly, Plaintiff's Amended Motion for Appointment of Counsel (Dkt. 36) is **GRANTED contingent** on the Court being able to locate an attorney willing to represent him *pro bono* in this matter. This matter is hereby **REFERRED to the *Pro Bono* Panel** to identify an

attorney who is available and willing to accept a voluntary appointment in this action. The Clerk **SHALL** identify an attorney or law firm from the Court's *Pro Bono* Panel to represent Plaintiff in this case. The scope of the engagement will ultimately be between the attorney accepting voluntary appointment and the client (Plaintiff).

Plaintiff is **ADVISED** that the Court cannot force any attorney to accept a *pro bono* appointment in this case. Plaintiff is further **ADVISED** that it is possible that a *pro bono* attorney will not be found and, if so, **he will remain unrepresented**. If the Court cannot locate an attorney who is willing to provide representation within a reasonable time, the parties will be notified by a minute entry for the electronic docket, stating that the inquiry was unsuccessful and that Plaintiff will be required to continue in this action without court-appointed counsel.

Finally, all case deadlines established in the Court's Pretrial Scheduling Order (Dkt. 30) are hereby **STAYED** and will be reinstated in a separate order after the above-stated matters are resolved. Plaintiff's Motion for Extension of Time to Complete Discovery (Dkt. 42) is therefore **DENIED as moot**.

Dated this 6th day of February, 2025.

Grady J. Leupold
United States Magistrate Judge